EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Gabriel G. Espinosa González<br>(TS-20,277) | 2021 TSPR 81<br><br>207 DPR _____ |

Número del Caso:  AB-2020-30
                  AB-2020-40


Fecha:  9 de junio de 2021


Oficina del Procurador General:

    Lcda. Lorena Cortés Rivera
    Subprocuradora General

    Lcda. Minnie H. Rodríguez López
    Procuradora General Auxiliar


Materia:  La suspensión será efectiva el 11 de junio de 2021, fecha en que se le notificó al abogad de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Gabriel G. Espinosa González<br>(TS-20,277) | AB-2020-30<br>AB-2020-40 |
| --- | --- |

*PER CURIAM*

En San Juan, Puerto Rico, a 9 de junio de 2021.

Nuevamente nos corresponde ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de la Oficina del Procurador General, así como los de este Tribunal. Ante su conducta desplegada, nos vemos obligados a suspender inmediata e indefinidamente al Lcdo. Gabriel G. Espinosa González (licenciado Espinosa González) del ejercicio de la abogacía.

I

El licenciado Espinosa González fue admitido al ejercicio de la abogacía el 20 de febrero de 2015. Luego de cinco (5) años en la profesión legal, el letrado recibió dos (2) Quejas éticas independientes en su contra por no mantener informadas a sus clientas. A continuación, reseñamos el

tracto procesal de las **Quejas Núms. AB-2020-30 y AB-2020-40,** que dieron origen a la presente acción disciplinaria.

El 27 de febrero de 2020, la Sra. Claribel Jiménez Díaz presentó la **Queja Núm. AB-2020-30** contra el licenciado Espinosa González. En su escrito sostuvo que contrató los servicios del letrado para un caso de inmigración. Sin embargo, adujo que hace aproximadamente seis (6) meses no ha recibido respuesta ni de los mensajes ni de las llamadas que le ha dejado referente a su causa de acción. Ante ello, le requirió al promovido la entrega del expediente, mas no recibió respuesta de este. En consecuencia, nos solicita que le ordenemos al letrado a que le devuelva los documentos del pleito, ya que no desea que continúe como su representante legal.

Transcurridos seis (6) días, se confeccionó otra Queja contra el licenciado Espinosa González por parte de la Sra. Ninoshka Velázquez Santiago. En esa ocasión, la promovente arguyó en la **Queja Núm. AB-2020-40** que luego de pagarle al promovido un adelanto de quinientos dólares ($500) por sus servicios profesionales, no le contesta las llamadas y los mensajes de texto desde el 18 de julio de 2019. A raíz de ello, nos solicita que el letrado le devuelva la cantidad abonada y toda la documentación que tenga en su poder relacionada a su caso.

Así las cosas, la entonces Subsecretaria del Tribunal Supremo (Subsecretaria), Lcda. Sonnya Isabel Ramos Zeno, le

envió copia de las Quejas Núms. AB-2020-30 y AB-2020-40 al licenciado Espinosa González respectivamente el 4 y 11 de marzo de 2020 —a su dirección postal según consta en el Registro de Abogados (RUA)— para que las contestara en el término de diez (10) días. Ante su incomparecencia, le cursó el 22 de julio de 2020 —vía correo electrónico según registrado en RUA— una Segunda Notificación a ambas Quejas, en la cual le concedió un término final de diez (10) días. Tras incumplir nuevamente, la Subsecretaria refirió las Quejas a la Oficina del Procurador General el 26 de agosto de 2020 para su correspondiente investigación y recomendación.

Posteriormente, la Procuradora General Auxiliar, Lcda. Minnie H. Rodríguez López, le envió un correo electrónico el 14 de septiembre de 2020 al licenciado Espinosa González requiriéndole que reaccionara a las alegaciones de la Queja Núm. AB-2020-30 en el término de diez (10) días. Al día siguiente, la Procuradora General Auxiliar le concedió el mismo término respecto a la Queja Núm. AB-2020-40. Al no comparecer, le cursó una carta al promovido —a ambas Quejas respectivamente— en la que le concedió un término final e improrrogable de cinco (5) días para que compareciera. Las misivas se enviaron el 15 de octubre de 2020 mediante correo certificado. Del expediente se desprende que el licenciado Espinosa González recibió dichos correos certificados y firmó los acuses de recibo el 17 de octubre de 2020.

El 23 de octubre de 2020, la Oficina del Procurador General emitió un Informe de cada Queja ante esta Curia. Los informes indican, en esencia, que el licenciado Espinosa González ha ignorado los requerimientos de este Tribunal, así como los del Procurador General. Señalan que ello impide que se pueda realizar una investigación completa sobre los méritos de las Quejas interpuestas en su contra. Por tal razón, la Oficina del Procurador General nos recomienda que suspendamos de manera inmediata e indefinida del ejercicio de la abogacía al licenciado Espinosa González por infringir los Cánones 9 y 12 del Código de Ética Profesional, 4 LPRA Ap. IX.

Luego de evaluar los Informes del Procurador General, este Tribunal emitió tres (3) Resoluciones respecto a cada Queja para que compareciera ante nos y se expresara en cuanto a los referidos Informes. Sin embargo, el licenciado Espinosa González no ha comparecido ante este Tribunal ni contestado las Quejas. La primera Resolución la emitimos el 29 de enero de 2021 concediéndole un término de veinte (20) días; en la segunda, le conferimos un término final de diez (10) días el 26 de marzo de 2021, y en la última Resolución —notificada personalmente el 7 de mayo de 2021— le otorgamos un término final e improrrogable de diez (10) días.

II

Es norma conocida que el Canon 9 del Código de Ética Profesional, *supra*, exige que todo miembro de la profesión

legal "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Sobre este postulado ético, hemos establecido que la clase togada debe emplear estricta atención y obediencia a las órdenes de este Tribunal. *In re Carmona Rodríguez*, 2021 TSPR 50, 206 DPR ___ (2021). Las órdenes judiciales deben atenderse con premura y diligencia. *In re Lugo Quiñones I*, 2021 TSPR 02, 206 DPR ___ (2021). Más aún cuando provienen de un trámite disciplinario. *Íd.*; *In re Burgos García*, 204 DPR 470 (2020). Reiteradamente hemos señalamos que desatender e ignorar las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, lo cual representa una infracción al Canon 9 del Código de Ética Profesional, *supra*. *In re Alers Morales*, 204 DPR 515, 519 (2020). Por ello, esta Curia se ha visto obligada —en múltiples ocasiones— a suspender inmediata e indefinidamente a abogados y abogadas por desplegar una actitud de indiferencia y dejadez con nuestros requerimientos. *In re Alers Morales*, supra; *In re Burgos García*, supra; *In re Márquez Sánchez*, 203 DPR 25, 29 (2019). El cumplimiento con nuestros mandatos se extiende a los requerimientos que emiten otras entidades públicas que intervienen en el proceso disciplinario, así como la Oficina del Procurador General y la Secretaría de este Tribunal. *In re Carmona Rodríguez*, supra; *In re Ruiz Fontanet*, 201 DPR 663, 665 (2019); *In re López Pérez*, 201 DPR 123, 126 (2018).

Por otro lado, el Canon 12 del Código de Ética Profesional, *supra*, le impone a la clase togada a tramitar

de forma puntal y responsable los procedimientos disciplinarios instados en su contra. *In re Carmona Rodríguez*, supra; *In re Silvestrini Carrasquillo*, 201 DPR 838, 842-843 (2019). Se infringe este Canon cuando un abogado ni responde a las resoluciones de este Tribunal ni comparece a contestar la Queja que se ha presentado en su contra. *In re Carmona Rodríguez*, supra; *In re Massanet Rodríguez*, 188 DPR 116, 126-127 (2013).

## III

Tras evaluar detenidamente el cuadro fáctico ante nuestra consideración, resulta forzoso concluir que el licenciado Espinosa González violentó los Cánones 9 y 12 del Código de Ética Profesional, *supra*, al no cumplir con los requerimientos de la Oficina del Procurador General y de este Tribunal. El expediente refleja las múltiples oportunidades que se le concedió al letrado para que compareciera y contestara las Quejas presentadas en su contra. Resaltamos que a pesar de que recibió personalmente la última Resolución emitida el 4 de mayo de 2021, el licenciado Espinosa González optó por ignorar nuestras órdenes y no comparecer. Esa actitud reflejó un alto grado de menosprecio a los preceptos establecidos en los Cánones 9 y 12 del Código de Ética Profesional, *supra*. En vista de lo anterior, nos vemos obligados a suspenderlo inmediata e indefinidamente del ejercicio de la abogacía.

IV

Por los fundamentos anteriormente expuestos, suspendemos inmediata e indefinidamente al Lcdo. Gabriel G. Espinosa González del ejercicio de la abogacía.

Se le impone al Sr. Gabriel G. Espinosa González el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles y deberá devolverles inmediatamente los expedientes de los casos, así como cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, tiene que informar oportunamente su suspensión inmediata a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. El señor Espinosa González deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Espinosa González.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Gabriel G. Espinosa González | AB-2020-30 | |
| (TS-20,277) | AB-2020-40 | |

SENTENCIA

En San Juan, Puerto Rico, a 9 de junio de 2021.

Por los fundamentos expuestos en la *Per Curiam* que antecede, suspendemos inmediata e indefinidamente al Lcdo. Gabriel G. Espinosa González del ejercicio de la abogacía.

Se le impone al Sr. Gabriel G. Espinosa González el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles y deberá devolverles inmediatamente los expedientes de los casos, así como cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, tiene que informar oportunamente su suspensión inmediata a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. El señor Espinosa González deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese por correo electrónico.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo